IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER MUELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12–0283-CV-ODS |
| | ) | |
| WOODMEN OF THE WORLD | ) | |
| LIFE INSURANCE SOCIETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING AGCO CORPORATION'S MOTION FOR SUMMARY JUDGMENT

Pending is a Motion for Summary Judgment filed by Agco Corporation ("Agco"). For the following reasons, the motion (Doc. # 39) is granted.

## I. BACKGROUND

Plaintiff worked for Agco from May 27, 1997 through April 3, 2009. On May 6, 2009, he filed a Claim for Compensation with the Missouri Department of Labor and Industrial Relations. His claim alleged that he "was exposed to mold in the workplace resulting in bilateral hearing loss, joint damage, respiratory damage, and further injury to his body as a whole." His claim indicates the "date of accident or occupational disease" was October 1, 2007. Plaintiff and Agco settled the claim for a lump sum payment of $20,000. The settlement – which is memorialized on a form utilized by the Department of Labor and Industrial Relations – advises that

> the EMPLOYEE is forever closing out this claim under the Missouri Workers' Compensation Law; that EMPLOYEE will receive no further compensation or medical aid by reason of this

accident/disease . . . that EMPLOYER/INSURER and/or SECOND
INJURY FUND is/are released from all liability from this
accident/disease upon approval by the Administrative Law Judge.

The settlement agreement further provides that it is a

[f]ull and final settlement closing any and all claims for any and all
alleged injuries, specifically pulmonary issues and hearing loss, and
particularly resolves all injuries for the accident occurring on or about
October 1, 2007. This settlement closes any and all issues that
could be raised, including but not limited to nature and extent of
disability, temporary and total disability benefits, and past, present,
and future medical expenses.

The settlement was approved by an Administrative Law Judge on February 23, 2011.

Plaintiff initiated this suit in January 2012 against Agco and others, alleging various theories of negligence arising from his exposure to mold while working for Agco. Agco now seeks summary judgment, contending Plaintiff's claims against it have been compromised via settlement and are barred by res judicata.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party,

giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985). However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Determining the res judicata effect of the settlement requires the Court to evaluate the preclusive effect that would be given by Missouri courts. E.g., Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012). Missouri courts recognize that res judicata "prohibits 'splitting' a claim or cause of action. Claims that could have been raised by a prevailing party in the first action are merged into, and are thus barred by, the first judgment. To determine whether a claim is barred by a former judgment, the question is whether the claim arises out of the same act, contract or transaction." Chesterfield Village, Inc. v. City of Chesterfield, 64 S.W.3d 315, 318-19 (Mo. 2002) (en banc) (internal quotations omitted). Missouri courts generally afford preclusive effect to administrative determinations to prevent parties from relitigating issues or claims resolved in administrative proceedings. E.g., Bresnahan v. May Dep't Stores Co.,726 S.W.2d 327, 329-30 (Mo. 1987) (en banc). In particular, worker compensation settlements approved by an administrative law judge "constitute[ ] a binding adjudication for purposes of res judicata and collateral estoppel." Champ v. Doe Run Co., 84 S.W.3d 493, 494 (Mo. Ct. App. 2002); see also Curry v. Ozarks Elec. Corp., 39 S.W.3d 494, 496 (Mo. 2001) (en banc) (overruled on other grounds in Hampton v. Big Boy Steel Erection, 121 S.W.3d 220 (Mo. 2003) (en banc)); Conley v. Treasurer of Missouri, 999 S.W.2d 269, 274 (Mo. Ct. App. 1999) (overruled on other grounds in Hampton v. Big Boy Steel Erection, 121 S.W.3d 220 (Mo. 2003) (en banc)).

Plaintiff presents two primary arguments. First, he contends he had a choice to pursue either worker compensation benefits or a civil tort action. Even if

3

Plaintiff's characterization is true, it does not help him because he made his choice: he pursued remedies under the worker compensation laws and voluntarily entered a settlement that was then judicially approved. As noted earlier, res judicata (or claim preclusion) exists in part to prevent the claim-splitting Plaintiff is attempting. More specifically, even when a choice exists it has been long-recognized that one cannot pursue relief under both a worker compensation scheme and a tort remedy. "An injured employee who has accepted benefits paid by his employer in compliance with the compensation act cannot maintain a tort action against his employer." Ballinger v. Gascoasage Elec. Co-op., 788 S.W.2d 506, 515 (Mo. Ct. App. 1990) (overruled on other grounds in Zueck v. Oppenheimer Gateway Properties, Inc., 809 S.W.2d 384 (Mo. 1991) (en banc)); see also Neff v. Baiotto Coal Co., 234 S.W.2d 578, 579-80 (Mo. 1950).[1]

      Plaintiff's second tact is to argue the settlement applied only to worker compensation claims and preserved his ability to pursue tort claims against his employer. The Court rejects this argument for two reasons. First, while there are portions of the settlement agreement discussing the particulars of the worker compensation laws, there is no provision that preserves Plaintiff's ability to pursue other remedies. To the contrary, the language quoted in Part I of this Order advises that the agreement constitutes "[f]ull and final settlement closing any and all claims for any and all alleged injuries . . . ." Second, it is not clear whether an agreement preserving the right to pursue tort claims would be valid in light of the Missouri cases indicating that this cannot be done. There is no need to delve further into this second point, however, given that the settlement agreement clearly contemplates resolution of all claims between Plaintiff and Agco arising from his exposure to mold in the workplace.

---

[1] Plaintiff's attempt to distinguish Neff on the ground that it relies on a then-existing Missouri statute is unpersuasive. The discussion does not rely on the statute, and instead relies on a treatise and court decisions from other states.

## III. CONCLUSION

Plaintiff and Agco settled Plaintiff's worker compensation claim arising from his exposure to mold, and the settlement was approved by an Administrative Law Judge. The settlement is entitled to res judicata effect, so Plaintiff is barred from asserting any other claims against Agco arising from his exposure to mold. Agco is entitled to summary judgment.
IT IS SO ORDERED.


                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 16, 2012                UNITED STATES DISTRICT COURT